LABORDE, Judge.
Alleging fraud, Wilburn Winegeart, Appellant, seeks to rescind a sale of land he made to Texas Industries, Inc., Appellee. The trial court granted judgment in favor of Texas Industries, Inc. because Winegeart did not prove fraud. We affirm. We find no manifest error in the finding of the trial court.
In May 1976, appellee, a corporation engaged in the production of gravel, contacted Winegeart expressing an interest in conducting gravel tests on his property-an 18.4 acre tract. After several meetings, Wine-geart granted appellee an option to purchase the 18.4 acre tract. The option granted appellee the right to conduct gravel tests and provided for a purchase price of $1,200 per acre. If the option was exercised, the purchase price was to be paid over a five-year period, bearing interest at 6% per an- *266 num. After conducting several tests, defendant exercised the option in December, 1976.
On August 24,1979, Winegeart instituted the instant action to have the sale rescinded on the grounds of fraud. He alleged in his petition that during the negotiations for the option agreement appellee’s agents made fraudulent misrepresentations as to the value of the land.
Civil Code Art. 1847 provides, in pertinent part:
“Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other....”
In Altex Ready-Mixed Concrete Corporation v. Employers Commercial Union Insurance Company, 308 So.2d 889 (La.App. 1st Cir. 1975), writ refused, 312 So.2d 872 (La.1975), the court stated:
“Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another, and to obtain some unjust advantage or to cause loss or inconvenience to the other.”
In this action, Winegeart contends that the trial judge erred in failing to rescind the sale on grounds of fraud. He alleges that, prior to entering the option agreement, appellee knew of the existence of valuable deposits of gravel on his land but withheld the information from him.
The record reveals that appellee was not allowed to conduct any gravel tests on Win-egeart’s property until after entering the option agreement. Although gravel was being produced on neighboring tracts, expert testimony established that the extent of gravel deposits on one tract can not be predicted on the basis of deposits in a neighboring tract. Until tests were made, appellee had no special knowledge as to the value of gravel deposits on the land.
The option agreement entered into by the parties established a purchase price of $1,200 per acre. Winegeart presented no evidence that this was not a fair price for the land.
The trial judge, in his written reasons for judgment, found that appellee made no misrepresentation to Winegeart as to the value of the land. An examination of the record reveals no manifest error in this finding. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.